J-S19009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY L BUSKIRK | : | |
| | : | |
| Appellant | : | No. 1393 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 30, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001284-2022

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED: AUGUST 19, 2024**

Appellant Gary L. Buskirk appeals from the August 30, 2023 judgment of sentence entered by the Lackawanna County Court of Common Pleas, following his convictions for Aggravated Assault, Recklessly Endangering Another Person ("REAP"), and related crimes.  He also seeks a remand to address his claim of after-discovered evidence.  Appellant's counsel has filed an **Anders**[1] brief and a petition for leave to withdraw.  After careful consideration, we grant counsel's petition for leave to withdraw, affirm Appellant's judgment of sentence, deny Appellant's application for remand based upon after-discovered evidence, but remand to the trial court solely to correct clerical errors in the sentencing order and the docket.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

The relevant factual and procedural history is as follows. On the evening of May 12, 2021, after an "angry phone call" with the mother of his child regarding their child custody dispute, Appellant drove his Dodge Ram pickup truck with an attached landscaping trailer toward the house where the mother and child lived. Trial Ct. Op., 12/20/23, at 2. Near the mother and child's home, he saw John Schanewolf ("Victim"), the mother's husband, stopped at an intersection in his SUV. Appellant blocked Victim's path with his truck and said, "You're dead mother F'er, you're dead." *Id.* at 4.

As Victim attempted to drive his SUV around the back of Appellant's trailer, Appellant "floored his truck in reverse and rammed" Victim's vehicle, causing it to spin and eventually stop in front of Appellant's truck. *Id*. at 4-5. Appellant again told Victim that "he was going to die" and "rammed his truck into [Victim's] driver side door, causing the door to cave in on [Victim]" and pushed Victim's vehicle 1,024 feet down the road and into a ditch. *Id.* at 5. Appellant "backed up, told [Victim] again that he was dead, and floored his truck into [Victim's] vehicle one more time, pushing him another 25 feet into the woods." *Id.* Appellant then left the scene of the incident without rendering aid or providing his information as required by law.

While Victim was uninjured, he testified that once he got out of the SUV, he ran to a neighbor's driveway where he hid beside the garage until the police arrived. Victim described his fear as he wondered if Appellant was coming back and whether he had a gun: "I was shaking. I was nervous. I thought I

was going to pass out. I don't know if I was bleeding, anything like that. I was just so overwhelmed with fear, it was ridiculous." N.T., 5/31/23, at 150.

Two eyewitnesses, Seth Frey and William Davis, who were driving on the same road, corroborated Victim's testimony, explaining that the truck repeatedly rammed Victim's SUV and pushed it down a hill and into a ditch, without any aggressive movements by the Victim's vehicle. N.T., 6/1/23, at 37-47, 55-65. Appellant testified in his defense, admitting to colliding with Victim's car but claiming that Victim was the aggressor. *Id.* at 90-95.

On June 1, 2023, the jury convicted Appellant of the following crimes: Aggravated Assault—Attempts to Cause Serious Bodily Injury, Terroristic Threats, Simple Assault, Recklessly Endangering Another Person ("REAP"), and Accidents Involving Damage to Attended Vehicle or Property; the trial court additionally found Appellant guilty of a summary offense of Reckless Driving.[2]

On August 30, 2023, the court sentenced Appellant to an aggregate term of 76 to 180 months of incarceration, followed by 12 months of probation.[3] While Appellant filed *pro se* post-sentence motions, the filings

_____

[2] 18 Pa.C.S. §§ 2702(a)(1), 2706(a)(1), 2701(a)(3), 2705; 75 Pa.C.S. §§ 3743(a), and 3736(a)(1), respectively.

[3] Specifically, the court imposed the following sentences: 54 to 120 months of incarceration for Aggravated Assault; 11 to 36 months of incarceration for Terroristic Threats; 11 to 24 months of incarceration for REAP; 12 months of probation for Accidents Involving Damage to Attended Vehicle or Property; and no additional penalty for Reckless Driving. Appellant's conviction for Simple Assault merged with Aggravated Assault for sentencing purposes. The court directed that the sentences run consecutively.

constituted legal nullities under Pennsylvania law, which prohibits hybrid representation. **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007). The docket does not include any counseled post-sentence motions.

On September 28, 2023, Appellant filed a counseled notice of appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925. On January 19, 2024, Appellant filed in this Court a request for remand pursuant to Pa.R.Crim.P. 720(C), claiming newly discovered evidence based upon a December 21, 2023 decision in his Northampton County probation violation case, about which a parole agent testified in the instant matter.

Appellant raises the following issues on appeal:

1. Whether the sentencing court imposed an illegal sentence when Appellant was sentenced to consecutive sentences under Count 1, Aggravated Assault, and Count 4, Recklessly Endangering Another Person, when Counts 1 and 4 should have merged.

2. Whether the evidence was insufficient, as a matter of law, to sustain convictions for Aggravated Assault where the evidence failed to establish the key element of intent.

3. Whether the evidence was insufficient, as a matter of law, to sustain convictions for Recklessly Endangering Another Person where the evidence failed to establish the key element of recklessness.

4. If this Honorable Court determines sufficient evidence was presented to enable a fact-finder to find the key element of forcible compulsion, under Count 1, Aggravated Assault, whether the verdict was so against the weight of the evidence that the verdict shocks the [conscience] of one's sense of justice.

5. If this Honorable Court determines sufficient evidence was presented to enable a fact-finder to find the key element of forcible compulsion, under Count 4, Recklessly Endangering Another Person, whether the verdict was so against the weight of

- 4 -

the evidence that the verdict shocks the [conscience] of one's sense of justice.

*Anders* Brief at 4-5 (suggested answers omitted). The introductory phrases for Issues 4 and 5 reference "forcible compulsion," which is not relevant to this case; we view this as a typographical error intending instead to reference the relevant challenged elements of intent and recklessness, respectively.

**A.**

As stated, Appellant's counsel, Jordan T. Leonard, Esq., filed an *Anders* brief and a petition to withdraw. "When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010). If counsel meets the requirements for withdrawal, "the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds[,] it may grant counsel's request to withdraw and dismiss the appeal[.]" *Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa. Super. 2018) (citation omitted).

When filing an *Anders* brief, counsel must: "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous." *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Additionally, counsel must provide the appellant with a copy of the *Anders* brief and

- 5 -

petition to withdraw, as well as advise the appellant of "his right to retain new counsel, proceed *pro se*[,] or raise any additional points that he deems worthy of the court's attention." ***Commonwealth v. Millisock***, 873 A.2d 748, 751-52 (Pa. Super. 2005) (citation omitted).

Upon review of the ***Anders*** brief and counsel's letter to Appellant, we conclude that Attorney Leonard complied with the requirements of ***Santiago*** and ***Millisock***. Accordingly, we proceed to examine the proceedings and determine whether the appeal is frivolous.

**B.**

In his first issue, Appellant asserts that the trial court should have merged his sentences for Aggravated Assault, 18 Pa.C.S. § 2702(a)(1), and REAP, *id.* at § 2705. ***Anders*** Brief at 19-24. Appellant argues that REAP is a lesser included offense of Aggravated Assault and that the factual allegations in the criminal information supporting each charge were identical. *Id.* at 23.

While Appellant did not include his merger claim in his Rule 1925(b) statement, we nevertheless address this challenge because "claims involving merger" are non-waivable challenges to the legality of the sentence. ***Commonwealth v. Lawrence***, 99 A.3d 116, 122 (Pa. Super. 2014). "[O]ur standard of review is *de novo* and our scope of review is plenary" for claims challenging the legality of the sentence. ***Commonwealth v. Edwards***, 256 A.3d 1130, 1136 (Pa. 2021).

In Pennsylvania, crimes merge for sentencing purposes if "the crimes arise from a single criminal act and all of the statutory elements of one offense

are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765. Thus, a merger "analysis begins and ends with the statutory elements of each offense." *Edwards*, 256 A.3d at 1137.

Appellant's claim is foreclosed by the Supreme Court's decision in *Edwards*, which expressly held that REAP does not merge with subsection (a)(1) of Aggravated Assault because "all of the statutory elements of REAP are not contained in [A]ggravated [A]ssault[.]" *Id.* at 1138. Specifically, the Court explained that subsection (a)(1) of Aggravated Assault, "requires a person to cause serious bodily injury or an **attempt to cause** such bodily injury under circumstances manifesting extreme indifference to the value of human life" whereas "REAP, by contrast, requires a person **to place another person in actual danger** of death or serious bodily injury." *Id.* (emphasis added). Based upon this binding precedent, Appellant's claim is frivolous.

**C.**

Appellant next challenges the sufficiency of the evidence supporting his conviction for Aggravated Assault. *Anders* Brief at 24-30. "Evidentiary sufficiency is a question of law, and thus, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Burno*, 94 A.3d 956, 969 (Pa. 2014). In reviewing sufficiency claims, we consider whether, when "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and

citation omitted). Moreover, "a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.*

"A person is guilty of [A]ggravated [A]ssault if he . . . attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1). The Crimes Code defines "[s]erious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. "For aggravated assault purposes, an attempt is found where an accused who possesses the required, specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another." *Commonwealth v. Steele*, 234 A.3d 840, 845 (Pa. Super. 2020) (citation omitted).

"A person acts intentionally with respect to a material element of an offense when . . . it is his conscious object to engage in conduct of that nature or to cause such a result[.]" 18 Pa.C.S. § 302(b)(1)(i). The Commonwealth may demonstrate intent through "direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Miller*, 172 A.3d at 641.

- 8 -

Appellant claims that the Commonwealth failed to present evidence that he intended to cause serious bodily injury when Victim did not suffer serious bodily injury and Appellant left the scene rather than continuing to pursue the Victim. **Anders** Brief at 29-30. We reject this claim as our review of the record reveals ample evidence from which the jury could conclude that Appellant intended to cause serious bodily injury as he repeatedly stated to Victim, "you're dead," and rammed his pickup truck into Victim's vehicle multiple times, causing the driver side door to cave in on Victim. Trial Ct. Op. at 4-5. As noted by the trial court, "[i]t is remarkable that [Victim] did not suffer serious injury." **Id.** at 8. This issue warrants no relief.

*

Appellant also challenges the sufficiency of the evidence for REAP. **Anders** Brief at 30-33. A person commits REAP "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. The Crimes Code explains that "[a] person acts recklessly . . . when he consciously disregards a substantial and unjustifiable risk[,]" where the "disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation." 18 Pa.C.S. § 302(b)(3).

Appellant argues that the evidence is insufficient to demonstrate the element of recklessness, which he asserts requires demonstration of "a conscious disregard of a known risk[.]" **Anders** Brief at 32. Appellant maintains that the Commonwealth cannot demonstrate recklessness because

the criminal information for REAP stated that Appellant acted "intentionally," which requires a "conscious objective[,]" rather than the "conscious disregard" required for recklessness. *Id.* at 31-32 (citations omitted). Appellant reasons that "a person cannot have a 'conscious objective,' and 'conscious disregard' to do the same act." *Id.* at 32.

Regardless of the language used in the criminal information, the trial court properly instructed the jury on recklessness as follows:

> A person acts recklessly with respect to serious bodily injury when he consciously ignores a great and unjustifiable risk that what he is doing will cause another person to be seriously injured. The risk must be so serious that considering what a Defendant did and what his intentions were[,] he acted in a way that would amount to a gross deviation from the standard of conduct that a reasonable person in that situation would have followed.

N.T., 6/1/23, at 164. Moreover, the record clearly provides sufficient evidence from which the jury could conclude that Appellant recklessly placed Victim in danger of death or serious bodily injury by ramming his truck into Victim's SUV and pushing his vehicle for over 1,000 feet into a ditch. Appellant's challenge to the sufficiency of the evidence is frivolous.

### D.

Appellant next challenges his convictions based upon the weight of the evidence. *Anders* Brief at 33-34. "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000). Abuse of discretion occurs "where the judgment is manifestly unreasonable or where the law is not applied or

where the record shows that the action is a result of partiality, prejudice, bias[,] or ill will." ***Id.*** (citation omitted).

A trial court should award a new trial based on a weight of the evidence challenge only "when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted). In challenging the weight of the evidence, an appellant "concedes that there is sufficient evidence to sustain the verdict." ***Widmer***, 744 A.2d at 751.

To preserve a challenge to a weight of the evidence claim, an appellant must raise the claim "with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). A defendant waives a weight claim absent a motion to the trial court prior to appeal, even if he raises it in the Pa.R.A.P. 1925(b) statement and the trial court addresses it in its Rule 1925(a) opinion, because "the trial court was, by that time, divested of jurisdiction to take further action in the case." ***Commonwealth v. Thompson***, 93 A.3d 478, 491 (Pa. Super. 2014).

Appellant argues that his convictions were against the weight of the evidence because the testimony of Victim was unreliable where he "was an interested party" in the custody dispute between his wife and Appellant. ***Anders*** Brief at 34. Appellant also claims that Officer Frank Ciannella, an investigating officer, was unreliable because "his investigation into the

accident identified the collision [as occurring] on the wrong side of the vehicle." ***Id.***

Appellant, however, waived this claim by failing to raise it before the trial court prior to appeal. Moreover, even if we were to address this issue, we would conclude that the trial court did not abuse its discretion in rejecting this claim. Rather, the record supports the court's conclusion that "the Commonwealth presented ample evidence that established that [Appellant] committed each of the crimes with which he was charged, and the verdicts do not shock one's sense of justice." Trial Ct. Op. at 10. This issue merits no relief.

**E.**

On January 19, 2024, Appellant filed an application for remand under Pa.R.Crim.P. 720 alleging newly discovered evidence based upon a December 21, 2023 order of the Northampton County Court of Common Pleas, which closed a separate case filed against Appellant. Rule 720(C) permits a defendant to file a post-sentence motion for a new trial based upon after-discovered evidence. Pa.R.Crim.P. 720(C). The Note to Rule 720 explains that "after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge[.]" ***Id.*** Note.

"To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative

- 12 -

or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely." *Miller*, 172 A.3d at 650 (citation omitted).

Appellant relies upon the Northampton County order closing a case in which the Commonwealth alleged that Appellant violated his probation by failing to report. *Anders* Brief at 36-38. The court found that Appellant's sentence did not include a reporting condition and, thus, concluded that it could not violate Appellant for failing to report. *Commonwealth v. Buskirk*, CP-48-CR-0003073-2012, 12/21/23. Appellant claims that if this new information had been known before trial, then the Commonwealth would not have called Appellant's Northampton County parole agent to testify in the instant case. Appellant contends that the agent "played a significant role" in the instant trial, providing approximately twenty pages of testimony stating that Appellant was on supervision at the time of the incident with Victim, that Appellant tested positive for methamphetamines several times while on supervision, and failed to report. *Anders* Brief at 37; N.T., 6/1/23, at 9-32.

After careful review of the record, we conclude that the newly discovered evidence relating to the closure of the Northampton County probation violation case is not of "such a nature and character that a different outcome is likely." *Miller*, 172 A.3d at 650. Rather, the probation agent's twenty pages of testimony was a minor aspect of a three-day trial, where the transcripts span approximately 385 pages and include extensive testimony from the Victim, eyewitnesses, and police investigators regarding the details of the crime. It

is difficult to imagine how the absence of the probation agent's testimony regarding Appellant's alleged probation violations and drug use could have swayed the jury's verdict regarding whether Appellant engaged in the acts against Victim. Accordingly, we deny Appellant's request for a remand to address his claim of after-discovered evidence.

**F.**

Counsel indicates that Appellant desired to challenge the sufficiency of the evidence supporting his conviction of Terroristic Threats based upon the failure to satisfy the requirement of "serious public inconvenience" in 18 Pa.C.S. § 2706(a)(3). **Anders** Brief at 38-39. Counsel, the Commonwealth, and the trial court all recognize, however, that the amended criminal information charged Appellant with subsection(a)(1), which does not include the element of "serious public inconvenience," rather than subsection (a)(3). Moreover, the jury instructions conformed to subsection (a)(1) and did not reference "serious public inconvenience." N.T., 6/1/23, at 161-62. Accordingly, we agree that this issue is frivolous.

We observe, however, that the record includes clerical errors in the August 30, 2023 sentencing order and on the docket, which incorrectly reference 18 Pa.C.S. § 2706(a)(3) instead of subsection (a)(1). We remand to the trial court solely to correct the sentencing order and the docket to reflect Appellant's conviction of 18 Pa.C.S. § 2706(a)(1), rather than (a)(3). **See** Pa.R.A.P. 1926(a)(1) ("If anything material to a party is omitted from the record by error, breakdown in processes of the court, or accident or is

misstated therein, the omission or misstatement may be corrected by . . . the appellate court . . . on its own initiative at any time[.]")[4]

## G.

Our independent review reveals that Appellant has no meritorious issues in this appeal.  Accordingly, we grant counsel's application to withdraw, affirm Appellant's judgment of sentence, and deny Appellant's application for remand based upon after-discovered evidence, but remand to the trial court solely to correct the clerical errors in the sentencing order and the docket.

Counsel's petition for leave to withdraw granted.  Application for remand denied.  Judgment of sentence affirmed.  Record remanded for correction of clerical errors.  Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/19/2024

---

[4]    Counsel additionally states that Appellant seeks to raise a claim of ineffectiveness of counsel for failure to alert the trial court to allegations that Appellant's "mother and fiancé witnessed the [a]ffiant, Officer Frank Ciannella, discuss the case with members of the jury before they returned a verdict." ***Anders*** Brief at 35-36.  Counsel acknowledges that this claim must wait for review under the Post-Conviction Relief Act, as it was not raised before the trial court. ***Id.***  We agree. ***See Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013) (holding that, absent specified circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review").